

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. John C. Marburger
County Attorney
Fayette County
LaGrange, Texas

Dear Sir:

Opinion No. O-7147
Re: Whether receipts of school
district must be deposited
in school depository and
related matter

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I have just received the following request from the County Superintendent:

"The basic principle of State Aid to schools is to assist those school districts of this state who indicate that they need financial help _after_ levying a 50¢ local maintenance tax for school purposes. If, after levying the tax, a school district needs assistance, the state will supply funds for teacher salaries, bus transportation and tuition aid but any balances or receipts the district has or might receive during the school year are deducted from the total amount allotted.

"This being true, Rural Aid school districts throughout Texas deposit all receipts, other than the State Available and local maintenance tax funds, in special accounts. These deposits do not appear and are not reported on in the Depository's Annual Statement a copy of which is sent to the State Department of Education.

"Depositing receipts (school money) in special accounts is illegal because the Depository must report and account for all school money. But, it is repeated, these receipts are deducted from the amount

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John C. Marburger - Page 2

of state aid to which the district is entitled.

"Therefore, the question which we now ask is this - may a sending school district pay bus transportation expenses, all or part of a teacher's salary, etc., for the receiving school district?

"For example, the LaGrange Independent School District (the receiving district) transports all grades above the fifth of the Holman School District (sending district) and makes available to them all the educational facilities offered to its own pupils. In return, or as a consideration, the Holman Common School District pays by warrant $1990.00 to LaGrange for this service. LaGrange, if it deposits this receipt to its Available School fund (the money is paid by Holman from its Available School fund and/or its Local Maintenance tax fund) or its Local Maintenance tax fund, will have $1990.00 deducted from its allotted Rural Aid because this sum did not originally appear in the LaGrange Rural Aid application form as a receipt but it will appear as such in the Depository's Annual Statement.

"Now - if Holman may pay part of one teacher's salary and/or a portion of the gasoline, oil and repair bills, etc. for the LaGrange Independent School District, this sum of $1990.00 will not appear as a receipt in the LaGrange Independent School District's portion of the Depository's Annual Statement. It will only appear as a disbursement by Holman to an individual for services rendered for the Holman Common School District in the Depository's Annual Statement and this practice will permit all our Rural Aid Districts to continue to qualify for State Aid money. . . ."

* * * * * * * * * * *

The above concludes the question propounded to you by the County Superintendent, and your request and opinion thereon continues as follows:

Hon. John C. Marburger - Page 3

"In connection with this request, I wish to
refer you to your Opinion No. O-6931, and it ap-
pears to me that the authority therein cited answers
this question. In addition I am also herewith en-
closing a copy of an opinion that the depository
received from its attorney, which may also be help-
ful in answering the above questions.

"You are further advised that the First National
Bank of LaGrange is the duly selected and qualified
County Depository, and further that the LaGrange In-
dependent School District levies and collects a
maintenance tax for the purpose of supplementing
the Available School Fund received from the State and
County.

"You are further advised that The First National
Bank of LaGrange is also the duly selected and qual-
ified depository for the LaGrange Independent School
District.

"In McCorkel v. District Trustees, etc., 121 S.W.
(2d) 1048, (no writ) it was held that a quasi public
corporation, such as a school district, which owes
special duty to the public, may not enter into any
contract not expressly authorized by law or necessarily
implied from powers expressly granted. The same case
also holds that

"'The statute does not authorize binding
contracts between the trustees of the two
districts under the circumstances of said case,
as contracts are ordinarily understood.' See
also Thompson v. Elmo Independent School
District, 269 S. W. 86.

"Therefore, if the above is true, the Holman
School District could not contract with the LaGrange
School District for the payment by the Holman School
District of the bills of the LaGrange School District,
whether with or without consideration. If it is said that
the consideration for the payment of these bills is in-
struction of the Holman pupils, then certainly the
LaGrange School District is receiving valuable considera-
tion and certainly must be reported as receipts as is

Hon. John C. Marburger - Page 38

required by S. B. 167, 49th Legislature, Regular
Session, being Article 2, Section 1 of said Bill
as it appears on page 642 of Volume 5, Vernon's
Texas Session Law Service, which article and section
is quoted in full in your Opinion No. O-6931. Said
Bill specifically requires that the LaGrange School
District is required to report. . . . miscellaneous
receipts. It appears to me that if the LaGrange
School District were not required to report such
payments, even if legal, then it would be possible
to evade the real purpose of the Rural Aid Law. As
I understand the Rural Aid Law, its purpose is to
assist all schools in need, and in order to determine
this, said school districts must report their total
expenses, as well as their total receipts, and the
difference will represent their need, which the State
attempts to satisfy. If the above mentioned payments
or receipts made by the Holman School District for
the LaGrange School District were not required to be
reported, it seems to me that the LaGrange District
would not be reporting all receipts, because after
all, the LaGrange District would certainly be re-
ceiving the benefit of payments made for and in its
behalf.

"I did not get to search the authorities as
thoroughly as I would have liked to, but it strikes me
that the Rural Aid Law attempts to help schools in need,
and therefore, for the schools to be fair with the
State, they should be required to report all receipts,
whether they are received directly or indirectly. If
possible, we would also like to have your opinion on
whether or not the depository is authorized to make such
payments, and for this purpose and for the other ques-
tions submitted, I am herewith enclosing the above
mentioned copy of the opinion rendered to the depository.

"So please let us have your opinion on the above
matters at the earliest possible date."

We quote from the opinion of the attorney for the bank
which you sent us, as follows:

"You have asked our opinion on certain questions,
hereinafter set out, arising out of the following fact
situation. The LaGrange Independent School District
has offered for deposit a warrant payable to it, issued

Hon. John C. Marburger - Page 4

by the Winchester Common School District No. 17, in the sum of $500.00, to be paid out of the Available Fund of the Winchester District as a payment under its contract for tuition. You were requested to deposit this amount in the Business Administration Fund, which, I understand, has not been recognized as an account covering school funds. In explanation of that request you were advised that if the deposit was made to school funds, thereby made to appear on your annual report to the State Superintendent, the LaGrange District would lose certain State aid. The First National Bank is depository for both districts.

"You ask, first, whether the bank can place a warrant payable to a school district for which it is depository in an account other than an account recognized and designated as covering school funds; second, whether the bank can legally pay a warrant drawn by a district for which it is depository, without liability, if the warrant is deposited by the payee, school district, in some other bank.

"We have had the benefit of an Approved Opinion No. O-6931 of the Attorney General of Texas, dated November 23, 1945, wherein he rules that a Rural High School is required to deposit school funds in the depository bank and no other. We have extended our search of the statutes and authorities to determine whether independent school districts and common school districts are subject to the same restrictions. . . . (citing numerous authorities)

". . . We therefore are of the opinion that the bank as depository is not required to inquire into the validity of a warrant, but is responsible for the payment of a warrant where it has knowledge of facts rendering the transaction improper, or where the warrant on its face discloses it is improper.

"The First National Bank of LaGrange is depository for both of the districts under consideration here, so that it could not deny having knowledge of the illegality of the deposit of a warrant of the one district in another bank. In our opinion the bank may not pay such warrant without risk to itself. We, therefore, answer the second question in the negative.

Hon. John C. Marburger - Page 5

"We are not unaware that these transactions may also impose liabilities upon the various trustees or the county superintendent, but the fact that the trustees may have to account in their individual capacity for funds which they do not deposit in the authorized depository, or that they may be liable to the authorized depository for ten per cent of the sums they failed to deposit therein, would not avoid the fact that the depository might also be liable. The depository could not use the liability of any other person as a defense to any claim against it.

"We do not undertake to render any opinion on the duties and liabilities of the various school districts or their officers since you are interested solely in the responsibilities and duties of the bank. However, since it has been suggested to you that the one school district pays certain bills of the LaGrange District, we do say that in our opinion, this cannot be done. The power of the trustees to spend funds is only that which is granted by statute and there is no authorization of any district to pay the debts of another."

Opinion No. 0-6931 of this Department holds:

1. It is not legal for a school district to deposit school funds in any bank other than the school depository.

2. A school district seeking State aid must report all income in order to qualify for State aid.

We enclose herewith a copy of Opinion No. 0-6931.

Article II, Section 1, Senate Bill 167, 49th Legislature of Texas, reads as follows:

"Article II, THE APPLICATION FOR STATE AID."

"Section 1. The trustees of the districts authorized to apply for aid under the provisions of this Act shall send to the State Superintendent of Public Instruction on forms provided by said Authority, which forms have been approved by the Legislative Accountant, all information that may be required. Said forms will include a budget by which the amount of Salary aid to which a school will be eligible shall be determined. The receipts as shown in said budget will

Hon. John C. Marburger - Page 6

include the state and county available and local
maintenance balances brought forward from the pre-
ceding year, state and county available and local
maintenance receipts for the current year, tuition
to be collected locally, and miscellaneous receipts.
The expenditure will include salaries of teachers
as determined by the salary schedule stated herein,
and a maximum of Two Hundred Ten Dollars ($210.00)
per teacher per year in accredited schools and One
Hundred Ninety Dollars ($190.00) per teacher per year
in unaccredited schools for other current expenses;
provided that if for either year of the biennium the
Salary Aid Allocation shall be insufficient to
guarantee the said Two Hundred Ten Dollars ($210.00)
and One Hundred Ninety Dollars ($190.00) for current
operating expenses, the State Superintendent, with
the approval of the Legislative Accountant, is em-
powered to reduce all grants for that purpose proportion-
ately. The total amount of approved expenditure less the
total amount of receipts will be the amount of Salary Aid
to which a school will be eligible; provided in no case
will such amount exceed the approved amount of teachers'
salaries. The State Superintendent shall, subject to
the provisions of this Act, upon approval of the Legis-
lative Accountant grant to the school an amount of aid
as will, with state and county available funds, together
with all other funds including tuition, maintain the
school for such a period and in such a manner as
authorized in this Act; provided that school districts
qualifying for salary aid under the provisions of this
Act may use this aid either to maintain a school in the
home district or to provide school facilities for the
bona fide scholastics of the districts in some other
school of higher rank. The applications shall be
sworn to by the county superintendent of all Common
School Districts and president and secretary of the
board of trustees of all Independent School Districts
applying for aid. School districts accepting aid under
the provisions of this Act shall share in the distri-
bution of State and county available school funds and
in all other funds as herein may be provided." (Under-
scoring ours).

You are respectfully advised that it is the opinion of this

Hon. John C. Marburger - Page 7

department that you and the attorney for the bank have correctly answered the questions submitted.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

WJF:bt



APPROVED
OPINION
COMMITTEE
BY BWA
CHAIRMAN